*Stevenson, for appellant.*
*Cantrill for appellee.*

---

## J. A. CRUELLE, &c. *v.* B. SIMON, &c.

**New Trial—Credits Allowed by Decree of Court—Injunction.**

Credits, pretermitted in a first, and allowed in a second decree, sufficient to sustain a petition for re-hearing, and an injunction, until such credits had been adjudged and ordered by the court.

**Costs.**

Such proceeding, entitles the appellant to his costs, on a supplemental proceeding.

**Judicial Sales.**

The first sale, under order of court, must be set aside, before a second sale is ordered.

APPEAL FROM PENDLETON CIRCUIT COURT.

March 1, 1870.

OPINION OF THE COURT BY JUDGE ROBERTSON:

The imputed fraud in obtaining the original judgment subjecting the land to sale is not sufficiently established. But the last decree for costs, damages and sale, now under revision, must be reversed on the following grounds:

1. The title to the credits, permitted in the first and allowed in the last decree, sustained the petition for a rehearing, and the injunction also, until those credits *had been adjudged and ordered by the court.*

This entitled the appellants to costs, on this supplemental proceeding, and consequently the judgment subjecting them to the costs was erroneous, and the decree for damages was improvident and unreasonably stringent.

2. The sale, as reported under the first decree for sale, might embarrass the sale last ordered, reduce the proceeds of it, and result in ulterior litigation. The circuit court ought therefore to have adjusted all questions as to the reported sale before ordering another sale.

Wherefore the judgment now appealed from is reversed, and the cause remanded for a decree in favor of the appellants for costs, and either a confirmation or vacation of the reported sale as may, by further proceedings, be found to be right, and then for a final decree accordingly.

*Ward, Lindsey,* for appellants.
*Trimble,* for appellees.